**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| Brandi Didier, as Next Friend to | § | |
| H.G.H., a Minor Child, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 4:18-cv-98 |
| v. | § | |
| | § | **JURY DEMAND** |
| FCA US LLC, | § | |
| | § | |
| Defendant. | § | |

**<u>DEFENDANT FCA US LLC'S MOTION FOR SUMMARY JUDGMENT</u>**

Defendant FCA US LLC ("FCA US") seeks summary judgment on all of Plaintiff Brandi Didier, as Next Friend to H.G.H., a Minor Child's claims against FCA US. A statute of repose prevented any product liability claims from accruing because the crash was more than 15 years after the vehicle was sold. Plaintiff's status as a minor child cannot operate to toll claims that did not accrue.

**I.**
**<u>The statute of repose ended any possible claims before they could accrue or become "tolled."</u>**

This product liability action arises from an incident in Denton County, Texas, on December 31, 2017.  Plaintiff was a passenger in the 2003 Chrysler Town & Country ("Town & Country") at issue in this case.[1]  Plaintiff claims that while she was riding as a passenger in the second row in a 2003 Chrysler Town & Country traveling eastbound on US 380, she was sleeping with her

---

[1] Excerpt from Plaintiff's Orig. Complaint, attached as Exhibit 1, at ¶ 7.

seat fully reclined.[2] The driver did not maintain control of the vehicle and impacted a fire truck parked on the side of the road, resulting in various alleged injuries.[3]

The subject 2003 Chrysler Town & Country was designed and manufactured by DaimlerChrysler Corporation, and was first sold at retail on October 11, 2002.[4] On February 12, 2018, over 15 years after the subject vehicle was first sold, Plaintiff filed this suit against FCA US,[5] which purchased certain assets and liabilities of DaimlerChrysler Corporation (and its successor entity) through bankruptcy in 2009. Plaintiff claims the second row seat in the Town & Country was defective and asserts negligence and strict products liability causes of action against FCA US on that basis.[6] Plaintiff also claims that Plaintiff's status as a minor tolls the statute of repose.[7]

FCA US now brings this motion for summary judgment because all of Plaintiff's claims against FCA US are barred by the 15-year statute of repose applicable to product liability actions. Plaintiff's status as a minor is irrelevant in this case due to the timing of the crash.

## II.
## Statement of Issues

FCA US submits that the issues to be decided by the Court in this motion include the following:

1.      Whether Plaintiff's claims against FCA US are barred by the operation of the statute of repose for product liability actions.

2.      Whether Plaintiff's status as a minor allows Plaintiff's claims to accrue.

---

[2] *Id.* at ¶¶ 8-9.
[3] *Id.* at ¶10.
[4] Declaration of Paul Plantinga, attached as Exhibit 2, at ¶5. Plaintiff's position is that she highly disputes that anything Plantinga says has any modicum of veracity.
[5] Excerpt from Plaintiff's Orig. Complaint, attached as Exhibit 1, at 1.
[6] *Id.* at ¶26.
[7] *Id.* at ¶¶ 23-24.

### III.
### Statement of Undisputed Material Facts

FCA US submits that the undisputed material facts in this matter include the following:

1.     The allegedly defective product at issue is the second-row seat in the 2003 Chrysler Town & Country vehicle Sara Didier was driving while minor, Plaintiff H.G.H., rode as a passenger sleeping in a fully reclined seat in the second row.[8]

2.     DaimlerChrysler Corporation was responsible for the design, manufacture, and testing of the subject 2003 Chrysler Town & Country.[9]

3.     FCA US did not design, develop, manufacture, assemble, fabricate, formulate, or sell the subject 2003 Chrysler Town & Country.[10]

4.     FCA US was formed in 2009 and was formerly known as New Carco Acquisition LLC and then Chrysler Group LLC.[11]

5.     FCA US did not sell or distribute the vehicle at any time.[12]

6.     The subject incident occurred on December 31, 2017.[13]

7.     Plaintiff filed this lawsuit on February 12, 2018.[14]

### IV.
### Arguments & Authorities

#### A.  Summary Judgment Standard

For summary judgment on an affirmative defense, the movant "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial." *Smith v. Reg'l*

---

[8] *Id.* at ¶¶ 7-9.
[9] See Excerpt from Plaintiff's Orig. Complaint, attached as Exhibit 1, at ¶16; see Excerpt from FCA US LLC's Original Answer, attached as Exhibit 4, at ¶32.
[10] See Excerpt from FCA US LLC's Original Answer, attached as Exhibit 4, at ¶ 32.
[11] *See* Amendment No. 4 to Master Transaction, attached as Exhibit 3, at 2.
[12] *Id.* Plaintiff's Orig. Complaint at ¶21.
[13] Plaintiff's Orig. Complaint, attached as Exhibit 1, at ¶¶ 7-10.
[14] *Id.* at 1.

*Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016). FCA US has assembled the facts to support all the elements of its statute of repose defense.

**B.  Plaintiff's claims against FCA US are barred by the statute of repose.**

    **1.  Plaintiff cannot recover against FCA US—a mere asset purchaser—unless she has viable claims against the alleged tortfeasor, DaimlerChrysler Corporation.**

Plaintiff's products liability claims relate to the design and manufacture of a vehicle that was undisputedly designed and manufactured by a separate (now-defunct) entity, DaimlerChrysler Corporation. Plaintiff's only theory of recovery against FCA US is that FCA US "is the successor entity to a corporation that originally developed, designed, manufactured, assembled and tested the subject vehicle." Compl. ¶ 25.

Under Texas law, an asset purchaser like FCA US does not incur "any of the grantor corporation's liabilities, unless the successor expressly assumes those liabilities." *Moore v. Panini Am. Inc.*, No. 05-15-01555-CV, 2016 WL 7163899, at *6 (Tex. App.–Dallas Nov. 7, 2016) (citing Tex. Bus. Orgs. Code Ann. § 10.254 (West 2012); *E–Quest Mgmt., L.L.C. v. Shaw*, 433 S.W.3d 18, 24 (Tex. App.–Houston [1st Dist.] 2013, pet. denied)). Where an asset-purchaser *does* contractually assume another entity's liability, the plaintiff must plead its claims against the asset-purchaser under a theory of vicarious liability: "Successor liability is a form of vicarious liability that the plaintiff must plead if it seeks to hold a corporate successor liable for the acts of the original corporation." *Id.* (citing *Owners Ass'n of Pecan Square, Inc. v. Capri Lighting, Inc.*, No. 05-91-01378-CV, 1992 WL 186261, at *4 (Tex. App.–Dallas July 31, 1992, no writ) (not designated for publication).

Further, and crucially, to recover against an asset-purchaser under a theory of vicarious liability, "the alleged wrong-doer must, in fact, be liable for damages." *Moore*, 2016 WL 7163899, at *6 (citing *Crooks v. Moses*, 138 S.W.3d 629, 638 (Tex. App.–Dallas 2004, no pet.); *Affordable*

*Power, L.P. v. Buckeye Ventures, Inc.*, 347 S.W.3d 825, 833 (Tex. App.–Dallas 2011, no pet.). "In other words, ***if the alleged wrong-doer is not liable as a matter of law, then determination of vicarious liability issues are never reached*.**" *Id.* (emphasis added) (citing *Crooks*, 138 S.W.3d at 638; *Affordable Power*, 347 S.W.3d at 833). Where the alleged wrongdoer is not liable as a matter of law—either because the plaintiff cannot establish an element of her claim or because the defendant establishes each essential element of an affirmative defense—there can be no vicarious or successor liability, and the defendant is entitled to summary judgment. *See Moore*,  2016 WL 7163899, at *6 (granting summary judgment to an asset purchaser on vicarious-liability claims because the plaintiff's underlying claims against the product manufacturer failed as a matter of law); *Crooks* 138 S.W.2d at 638 (noting that summary judgment is appropriate if a defendant can "conclusively establish each element of an affirmative defense" and stating that "if the alleged tortfeasor is not liable as a matter of law, then determination of agency and vicarious liability issues are never reached"). Specifically, the affirmative defenses available to a manufacturer are also available to successors in liability. *Jackson v. Coldspring Terrace Prop. Owners Ass'n*, 939 S.W.2d 762, 768 (Tex.App.–Houston [14th Div.] 1997) (holding that the plaintiff's claims were barred by a statute of repose because one of the defendant's "potential liability could only vicariously result from [another entity] 'putting out' itself as the manufacturer of a defective construction of the pool" and holding that "any defenses available to [the manufacturer] are available to [the vicariously liable defendant]"); *see also U.S. Aviation Underwriters, Inc. v. Raytheon Aircraft Co.*, 174 Fed. Appx. 833, 834 (5th Cir. 2006) (affirming summary judgment for corporate successor of aircraft manufacturer where manufacturer would have been entitled to 18-year statute of repose).

Here, FCA US contractually assumed certain product liability claims related to the design and manufacture of vehicles sold by DaimlerChrysler Corporation.[15] Plaintiff's only theory of recovery against FCA US rests on this contractual assumption of DaimlerChrysler liabilities: Plaintiff expressly alleges that FCA US is liable for the subject vehicle because FCA US "is the successor entity to a corporation that originally developed, designed, manufactured, assembled and tested the subject vehicle." Compl. ¶ 25. Thus, to recover against FCA US on a theory of vicarious liability, Plaintiff must show that the alleged wrongdoer—DaimlerChrysler Corporation—is, in fact, liable. *Moore*, 2016 WL 7163899, at *6. Stated differently, if DaimlerChrysler "is not liable as a matter of law, then determination of vicarious liability issues" as to FCA US are never reached. *Id.* As discussed below, Plaintiff's claims against DaimlerChrysler are barred by Texas's 15-year statute of repose. Because the underlying claims against the alleged tortfeasor are barred, there can be no vicarious liability as to FCA US.

**2.   Plaintiff's claims against the alleged tortfeasor—DaimlerChrysler Corp.—are barred as a matter of law by the 15-year statute of repose.**

Under Texas law, "a claimant must commence a products liability action against a manufacturer or seller of a product before the end of 15 years after the date of sale of the product by the defendant." TEX. CIV. PRAC. & REM. CODE § 16.012(b). This provision applies to "any action against a manufacturer or seller for recovery of damages or other relief for harm allegedly caused by a defective product, whether the action is based in strict tort liability, strict products liability, negligence . . . or any other theory or combination of theories." *Id.* To prevail on this defense, FCA US must establish (a) that Plaintiff's claims constitute a products liability action; (b) the date of sale of the product; and (c) that the date Plaintiff commenced the action was more than

---

[15] *See* Amendment No. 4 to Master Transaction, attached as Exhibit 3, at 7 ¶¶ 1-2.

15 years later. Here, the only evidence in the record conclusively establishes that this is a products liability action filed more than 15 years after the product was sold.

### a.   Plaintiff's claims constitute a products liability action.

All of Plaintiff's claims in this case are based on the allegation that the second-row seat in the subject 2003 Chrysler Town & Country was "defective and unreasonably dangerous." Compl. ¶ 26. She claims that the "seat fails to provide proper restraint," fails to prevent a restrained occupant from submarining," "fails to prevent ejection from the nominal seating position," and more. *Id.*[16] And she alleges that the "defects and negligence were the producing, direct and proximate cause of the injuries and damages in question." *Id.*

Plaintiff's claims thus constitute a paradigmatic products liability action. She seeks recovery for physical injury allegedly caused by a product (2003 Chrysler Town & Country and its second-row seat), expressly claims the product is defective, and appears to assert claims in negligence and strict liability. And although Plaintiff is suing FCA US under a theory of vicarious liability, the contractually liabilities at issue are undisputedly those of the vehicle's designer, manufacturer, and seller. Under the plain language of the statute of repose, this case is therefore a products liability action. *See* TEX. CIV. PRAC. & REM. CODE § 16.012(b); *See also Meritor Auto., Inc. v. Ruan Leasing Co.*, 44 S.W.3d 86, 88-90 (Tex. 2001).

### b.   The subject vehicle was first sold on October 11, 2002.

Paul Plantinga works as an Senior Specialist.[17]  Paul Plantinga has executed a declaration confirming that the subject 2003 Chrysler Town & Country was first sold at retail on October 11, 2002, and providing FCA documentation regarding that date of sale.[18]   DaimlerChrysler

---

[16] *See* Plaintiff's Orig. Complaint, attached as Exhibit 1, at ¶26.
[17] *See* Declaration of Paul Plantinga, attached as Exhibit 2, at ¶2.
[18] *See id.* at ¶¶3-5.

Corporation's involvement in the initial distribution of the vehicle to an authorized dealership for sale to the public was therefore completed no later than October 11, 2002.[19]  FCA US did not sell or distribute the subject vehicle at any time—again, its only involvement in this case is as purchaser of certain assets and liabilities of DaimlerChrysler.[20]  Therefore, the statute of repose for claims related to alleged defects in the subject 2003 Chrysler Town & Country began to run on October 11, 2002, and expired on October 11, 2017, at the latest.

### c.  Plaintiff failed to commence an action within the 15-year limit.

Plaintiff filed this lawsuit on February 12, 2018, four months after the expiration of the statute of repose.[21]  Indeed, the collision giving rise to this lawsuit occurred more than two months after the expiration of the statute of repose.[22]  Accordingly, Plaintiff did not commence this products liability action within the applicable 15-year statute of repose.

### 3.  Because the statute of repose bars Plaintiff's claims against the vehicle's designer, manufacturer, and seller, Plaintiff's vicarious claims against FCA US fails as a matter of law.

As discussed, Plaintiff seeks to hold FCA US liable for the alleged torts of DaimlerChrysler Corp. under a theory of vicarious liability related to FCA US's purchase of assets and contractual assumption of certain liabilities. But because Plaintiff's underlying products liability claims are barred by the 15-year statute of repose, her vicarious claims against FCA US fail as a matter of law. *See Jackson*, 939 S.W.2d at 768 (granting summary judgment on vicarious liability claims where statute of repose barred claim against manufacturer); *U.S. Aviation Underwriters* 174 Fed. Appx. at 834 (affirming summary judgment to corporate successor of aircraft manufacturer where claims against manufacturer were barred by statute of repose); *Moore*, 2016 WL 7163899, at *6

---

[19] *See id.*
[20] *See id.*
[21] *See* Plaintiff's Orig. Complaint, attached as Exhibit 1.
[22] *See id.* at ¶¶ 7-10.

(granting summary judgment to asset purchaser because underlying negligence and fraud claims against the product manufacturer failed as a matter of law). Similarly, in *Grosskopf v. Chrysler Group LLC*, the Western District of Texas granted Chrysler Group's motion for summary judgment after finding that Texas law applied; the parties agreed that under Texas law, the 15-year statute of repose would bar claims against Chrysler Group (now known as FCA US), which were based solely on vicarious liability from Chrysler Group/FCA US's purchase of DaimlerChrysler assets and assumption of certain liabilities. *Grosskopf v. Chrysler Group LLC*, A-14-CA-801-SS, 2015 WL 6021851, at *1 n.2, *8 (W.D. Tex. Oct. 14, 2015).  Because Plaintiff's claims against FCA US are barred by the statute of repose in this case, FCA US respectfully requests summary judgment in its favor.

    **4.  Plaintiff will likely argue that the statute of repose does not apply because FCA US is not the manufacturer or seller of the product and because H.G.H. is a minor child. Both arguments fail.**

      **a.  The statute of repose applies despite the fact that FCA US did not manufacture or sell the subject vehicle.**

Plaintiff asserts in her complaint that Texas's 15-year statute of repose does not apply in this case because the statute governs claims against the manufacturer or seller, and here, FCA US is not the manufacturer or seller of the subject vehicle. Compl. ¶¶ 13–22. This argument is fundamentally flawed. Texas law is clear that defendants whose liability is assumed through an asset purchase or corporate succession step into the shoes of the alleged wrongdoer; again, "if the alleged wrong-doer is not liable as a matter of law, then determination of vicarious liability issues are never reached." *Moore*, 2016 WL 7163899, at *6 (citing *Crooks*, 138 S.W.3d at 638; *Affordable Power*, 347 S.W.3d at 833). This fact was not even contested in *Grosskopf*, where the parties agreed that the statute of repose applied under Texas law. 2015 WL 6021851, at *1 n.2, *8.

### b. Minor status does not affect this case because the statute of repose expired before the incident occurred.

Plaintiff also asserts in her complaint that, alternatively, the 15-year statute of repose is tolled for two years beyond a minor plaintiff's 18th birthday. Compl. ¶ 23–24. This argument is equally unavailing, as the statute of repose expired before the subject incident occurred.

### i. Plaintiff's tolling argument fails because the statute of repose expired before the subject incident.

While the Texas statute of repose generally bars claims filed more than 15 years after the product was sold, the statute is tolled if "a person entitled to bring a person action is under a legal disability when the cause of action accrues."[23] Tex. Civ. Prac. & Rem. Code Ann. § 16.001(b) (West). In that circumstance, "the time of the disability is not included in a limitations period." *Id.* Under the plain language of Section 16.001, tolling only applies if the person is entitled to bring a personal action. In other words, "[f]or disability to toll the running of limitations on a non-existent cause of action is an impossibility." *Poe v. Holiday Inns, Inc.*, 800 F. Supp. 1439, 1440 (E.D. Tex. 1992).

Under ordinary circumstances, "a cause of action in tort accrues when the wrongful act causes an injury." *Poe*, 800 F. Supp. at 1440. But a statute of repose may "cut off rights of action before they accrue at all." *Holubec v. Brandenberger*, 111 S.W.3d 32, 37 (Tex. 2003); *see also Johnson v. City of Ft. Worth*, 774 S.W.2d 653, 654, n. 1 (Tex. 1989) (noting that a statute of repose "cuts off a right of action before it accrues"). Thus, where a right of action is cut off before it accrues, there is no cause of action to toll under Section 16.001.

---

[23] A "legal disability" means the person is under age 18 or of unsound mind. Tex. Civ. Prac. & Rem. Code Ann. § 16.001(a).

---

For example, in *Poe v. Holiday Inns, Inc.*, the plaintiff sued Holiday Inn for personal injuries sustained in a car accident that occurred in 1983, claiming that Holiday Inn overserved him alcohol, causing his accident. *Poe*, 800 F. Supp. at 1440. The plaintiff was in a coma until 1985 and claimed legal disability through 1990. *Id.* The Texas Dram Shop Act, which gives rise to civil liability for overserving alcohol, was passed in 1987, after the accident but while the plaintiff claimed he was disabled. *Id.* He filed suit in 1992, claiming that Section 16.001 tolled the statute of limitations during the time of his legal disability. *Id.* The court rejected this argument, noting that "[f]or disability to toll the running of limitations on a non-existent cause of action is an impossibility."

Here, Plaintiff's cause of action never accrued because the 15-year statute of repose expired before the subject accident: the vehicle was first sold on October 11, 2002, meaning the statute of repose expired on October 11, 2017—more than two months before the accident that that could have given rise to a cause of action. As in *Poe*, Plaintiff's legal disability—here, minority—is irrelevant because the right of action was cut off before it accrued.

### ii. The *Eastman* case is inapposite because it involved an accident that occurred *before* the statute of repose expired.

Plaintiff's complaint cites *Eastman v. Ford Motor Company* for the proposition that "the 15 year statute of repose is tolled for minors." Compl. ¶ 24 (citing *Eastman v. Ford Motor Co.*, 5:15-CV-14, 2016 WL 7732627, at *1-2 (E.D. Tex. Mar. 29, 2016). However, *Eastman*—the only case in which the Section 16.012 statute of repose has been tolled for a minor—is clearly distinguishable from this case.

In *Eastman*, the plaintiff filed suit more than 15 years after the vehicle was sold, which the statute of repose would ordinarily bar. 2016 WL 7732627, *1. However, because the plaintiff was a minor at the time of the accident, the court held that the statute was tolled during the time of her

minority. *Id.* at *3–4. But *Eastman* contains a crucial distinction from this case: ***the accident in Eastman occurred more than six months <u>before</u> the statute of repose would have barred the claim***. 2016 WL 7732627, at *1–2.

In other words, at the time of the accident in *Eastman*, there was a cause of action to toll. Here, by contrast, a cause of action never accrued for the minor Plaintiff H.G.H. because any right of action with respect to the subject vehicle was cut off by the statute of repose more than two months before the accident. As such, tolling is inapplicable, and the statute of repose bars Plaintiff's recovery in this case.

## <u>Conclusion</u>

FCA US has conclusively established that this lawsuit is a products liability action governed by a 15-year statute of repose which ended well before Plaintiff filed suit or even accrued a cause of action. Plaintiff cannot establish any exception that would escape the operation of the statute.  Accordingly, FCA US is entitled to have summary judgment entered against all of Plaintiff's claims against it.

WHEREFORE, PREMISES CONSIDERED, Defendant FCA US LLC prays that the Court grant this motion in its entirety and render judgment that Plaintiff take nothing by way of her causes of action against FCA US, and for such further relief, both at law and in equity, to which FCA US may show itself justly entitled.

Respectfully submitted,


<u>/s/ Cary A. Slobin</u>
**KURT C. KERN**
State Bar No. 11334600
Kurt.Kern@bowmanandbrooke.com
**CARY A. SLOBIN**
State Bar No. 00797445
Cary.Slobin@bowmanandbrooke.com
**FRANCHEL D. DANIEL**
State Bar No. 24013746
Franchel.Daniel@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
5830 Granite Parkway, Suite 1000
Plano, TX  75024
Telephone: (972) 616-1700
Telecopier: (972) 616-1701

**ATTORNEYS FOR DEFENDANT**
**FCA US LLC**


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all known counsel of record in this cause in accordance with the Federal Rules of Civil Procedure on this 9th day of November 2018.


<u>/s/ Cary A. Slobin</u>